DIONICIO TANGONAN, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29446.
Intermediate Court of Appeals of Hawaii.
November 30, 2009.
On the briefs:
Samuel P. King, Jr., for Petitioner-Appellant.
James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FOLEY and LEONARD, JJ.
Petitioner-Appellant Dionicio Tangonan (Tangonan) appeals from the Order Denying Petition for Post-Conviction Relief (Order) filed on September 29, 2008 in the Circuit Court of the First Circuit (circuit court).[1]
On October 18, 1999, a jury found Tangonan guilty of Sexual Assault in the Third Degree. On December 27, 1999, the circuit court sentenced Tangonan, and Tangonan subsequently appealed. On September 26, 2003, in No. 23120, the Supreme Court of Hawai`i affirmed Tangonan's conviction.
On September 27, 2007, Tangonan filed a Petition to Vacate Judgment Pursuant to Rule 40, [Hawai`i Rules of Penal Procedure (HRPP)] (Petition). In his Petition, Tangonan asserted two grounds for relief: (1) inadequate interpretation services during trial and (2) the circuit court's failure to conduct a proper colloquy regarding his right to testify, pursuant to Tachibana v. State, 79 Hawai`i 226, 900 P.2d 1293 (1995).
On appeal, Tangonan challenges several findings of fact and conclusions of law, but essentially raises the same two arguments as in his Petition.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Tangonan's points of error are without merit.
In his points of error, Tangonan challenges Conclusion of Law 2, which states that Tangonan's claim of inadequate interpretation services was waived because it could have been raised at trial or on appeal and Tangonan failed to allege or prove facts to rebut the presumption of waiver or extraordinary circumstances to justify his failure to raise the issue. Tangonan fails to state any argument with respect to this point in his Opening Brief, and, therefore, the point of error is waived. Hawai`i Rules of Appellate Procedure Rule 28(b)(7).
Tangonan contends the circuit court erred by finding that he waived the Tachibana issue by failing to raise it in his direct appeal. Tangonan states:
Just because Defendant did not rely on ineffective assistance of counsel in the Rule 40 proceeding, this does not mean that the Tachibana issue was waived because defense counsel did not raise the issue as appellate counsel. At least, defense counsel had a clear conflict of interest with respect to whether he should raise as appellate counsel the Tachibana issue which was brought to such sharp focus because of the mistake he made in "opening the door" with respect to Agnes' testimony.
Tangonan further argues that the circuit court erred by finding that his testimony was not credible and placing the burden upon him to demonstrate that his waiver of the right to testify was not valid.
Any failure by the circuit court to conduct a proper colloquy pursuant to Tachibana could have been raised on direct appeal. The issue was not raised on appeal, and, therefore, it is waived. HRPP Rule 40(a)(3).
Citing to Briones v. State, 74 Haw. 442, 848 P.2d 966 (1993), Tangonan argues that because his trial counsel was also his appellate counsel, Tangonan did not waive the Tachibana issue, even though Tangonan failed to raise it in his direct appeal. In Briones, the Supreme Court of Hawai`i stated that "[w]here [an HRPP Rule 40] petitioner has been represented by the same counsel both at trial and on direct appeal, no waiver of the issue of trial counsel's performance occurs because no realistic opportunity existed to raise the issue on direct appeal." 74 Haw. at 459, 848 P.2d at 975 (emphasis added). The holding in Briones is inapplicable to this case because it concerns claims of ineffective assistance of counsel only. Here, the circuit court found, and Tangonan does not dispute, that Tangonan failed to assert in the HRPP Rule 40 proceeding below an ineffective assistance of counsel claim, and Tangonan does not assert that claim in the instant appeal. Without a claim of ineffective assistance of counsel, we fail to see how Tangonan proved the existence of extraordinary circumstances to justify his failure to previously raise the Tachibana issue.
Therefore,
IT IS HEREBY ORDERED that the Order Denying Petition for Post-Conviction Relief filed on September 29, 2008 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Richard K. Perkins presided.